## 3512. GEORGE *v.* THE STATE.

1. The evidence is weak, contradictory, and unsatisfactory, but legally sufficient to authorize the inference of guilt.
2. When the judge's charge is considered in connection with the defendant's contentions as disclosed by the evidence, no sufficient reason for granting a new trial appears.

*Judgment affirmed. Russell, J., dissents.*

DECIDED DECEMBER 19, 1911.

Accusation of sale of liquor; from city court of Sylvester—Judge Williamson. May 16, 1911.

*Perry, Foy & Monk,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.

RUSSELL, J., dissenting. In the headnotes I have announced the conclusion of the majority of the court. Personally I am of the opinion that the plaintiff in error was entitled to a new trial, upon the assignment of error that the court failed to instruct the jury as to the degree of proof required where the conviction depends upon circumstantial evidence alone. I think that the jury should have been instructed that the guilt of the accused should have been manifest, to the exclusion of every other reasonable hypothesis save that of his guilt. I am aware that it is very difficult to fix the exact line of demarcation in many cases between direct and circumstantial evidence. To my mind, however, the inference of guilt which is authorized from the receipt of money, and the delivery shortly thereafter of intoxicating liquor, is purely circumstantial in its nature. I think, too, that the plaintiff in error rightly complains of the judge's use of the word "purchaser," in his instructions to the jury, as descriptive of the person to whom the whisky was delivered, in view of the fact that the defense rested upon proof that there was no purchase at all, and that he was sent merely to bring to the person who was shown to have received the whisky his own property, which he had previously acquired from a different person. The phrase employed by the judge (no doubt unintentionally, but in my opinion effectually) eliminated the defendant's defense.